UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BOBBY DOCKERY )
 )
 Petitioner, )
 )
v. ) 3:03-cv-464
 ) 3:01-cr-009
 ) *Jordan*
 )
UNITED STATES OF AMERICA )
 )
 Respondent. )

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Bobby Dockery ("Dockery"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

This court must vacate and set aside Dockery's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Dockery "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Dockery is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Dockery was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 120 months; the sentence included a three-level enhancement for obstruction of justice based upon Dockery's perjury at trial. On direct appeal, appointed counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Dockery*, 42 Fed.Appx. 799 (6th Cir. August 13, 2002). The motion was granted and the Sixth Circuit found that the evidence was sufficient to support the verdict and that a review of the record revealed no non-frivolous appellate issues. *Id*. at 800.

In doing so, the Sixth Circuit first enumerated the three elements the government must prove for a conviction for felon in possession of a firearm: "'(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had traveled in or affected interstate commerce.'" *Id.* (quoting *United States v. Moreno*, 933 F.2d 362, 272 n.1 (6th Cir. 1991)). The Court then noted that "Dockery stipulated that the first and third enumerated elements were satisfied. At trial, two police officers testified that they found Dockery with a rifle in his hands. The evidence was not insufficient." *Id.*

The facts of Dockery's case were summarized more fully in the presentence report as follows:

> On June 10, 1999, the defendant was observed by Ms. Nadine Oakley at 135 Nichols Street, Seymour, Tennessee, carrying a motorcycle helmet, a Browning .22 caliber semi-automatic rifle, and clothing. Ms. Oakley testified that she, her daughter, and grand kids were sitting on her porch and observed the defendant walking down the street carrying the above listed items (the clothing was inside the motorcycle helmet). Ms. Oakley stated that at the time there were kids playing on a playground adjacent to her home. The defendant asked her for a ride as he stated he had a motorcycle accident the night before and needed someone to take him home. Thereafter, she and her daughter and grand kids went inside the house.
>
> Once inside her home, Ms. Oakley called the police. She stated while she was inside the house, the defendant laid the firearm and helmet on the porch and appeared to be acting strangely. At some point, defendant Dockery stepped into the yard, picking up the rifle but leaving the motorcycle helmet on the porch. Police officers arrived shortly thereafter and arrested the defendant who appeared intoxicated. Officers observed that the defendant had an odor of alcohol on his breath, was unsteady on his feet, and he slurred his speech.

[Criminal Action No. 3:01-cr-09, Presentence Report, pp. 3-4, ¶¶ 6-7].

Dockery testified in his own behalf. The presentence report summarized his testimony as follows:

> Defendant Dockery testified on his own behalf in his trial. The defendant's testimony was significantly different from the evidence presented at trial that was used to convict him. The defendant testified that on June 10, 1999, his truck broke down and he needed a ride so he walked from the middle of town, passing by the Oakley home where he saw Ms. Oakley on the porch. He stated he asked her to use the phone but he then noticed his friend, Gary Kirby, arrive home. The defendant stated he had a baseball glove, a baseball bat, and a cooler of beer as he walked down the street. The defendant denied having the rifle entered into evidence, or any other firearm, and he denied carrying a motorcycle helmet. Defendant Dockery continued in his testimony by stating that he noticed several firearms on Gary's porch, but he was not near the firearms since he talked to Gary from the street and not on the porch. He further testified that as he walked towards Gary's home he set his cooler down by the Oakely [sic] fence and he was arrested as he walked back to retrieve the cooler. The defendant stated another friend, who was with Gary in his truck, was going to give him a ride.

[*Id.* at 4, ¶ 9].

In support of his § 2255 motion to vacate sentence, Dockery alleges that he received the ineffective assistance of counsel both before and during trial, at sentencing, and on appeal. He also alleges the trial court erred in failing to *sua sponte* direct a verdict for Dockery or order a new trial, and that the court erred in imposing the enhancement for obstruction of justice. In an supplement to the § 2255 motion, Dockery also claims he is entitled to relief in light of the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

III.     Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Dockery must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

## 1. Allegations of Ineffective Assistance of Counsel - Pretrial and Trial

Dockery was represented at trial by retained counsel Keith Haas. Dockery first alleges that Mr. Haas refused to allow him to plead guilty and thus, as a result, Dockery was not eligible for the three-level downward adjustment for acceptance of responsibility. In that regard, Dockery also claims that Mr. Haas failed to advise him of the possibility of the three-level downward adjustment in exchange for a guilty plea.

According to Dockery, he wanted to plead guilty prior to trial, but his attorney refused to allow it. This claim is highly speculative, given Dockery's claim that he was not aware of the three-level downward reduction for acceptance of responsibility and because there is nothing in the record to suggest there was a plea offer from the government. Dockery would thus have had no incentive to plead guilty. In addition, Dockery continues to deny his guilt in these proceedings and continues to challenge the version of events related by the police officers and Ms. Oakley. Given Dockery's insistence on his innocence, Mr. Haas was not deficient in allegedly failing to recommend that Dockery plead guilty.

Dockery next alleges that Mr. Haas failed to conduct a proper investigation of the case, in that he failed to interview eyewitnesses. Dockery specifically refers to Connie and Cletis Franklyn. According to Dockery, he engaged in pre-trial conversations with Connie and Cletis Franklyn concerning the events surrounding his arrest, which he had trouble remembering because of his inebriation. Dockery claims these individuals would have testified that he was not arrested on or near Ms. Oakley's porch, nor was he holding a firearm

at the time of arrest. Dockery contends that Connie and Cletis Franklyn would thus have bolstered his credibility and impugned the credibility of the police officers.

Again, this claim is highly speculative. There is nothing in the record as to what the Franklyns' testimony would have been, other than Dockery's own self-serving allegations. Given the fact that Mr. Haas did call another eyewitness, the court presumes that Mr. Haas' alleged failure to call the Franklyns as witnesses was the result of reasonable trial strategy, which this court will not second-guess. *See Bowling v. Parker*, 344 F.3d 487, 508 (6th Cir. 2002) (it was not ineffective assistance of counsel to fail to call potentially damaging witnesses and instead rely on the testimony of other witnesses).

Dockery also alleges that Mr. Haas erroneously advised him that a violation of 18 U.S.C. § 922(g)(1) was punishable by a maximum penalty of five years. The statutory maximum sentence for a violation of § 922(g) is ten years. *See* 18 U.S.C. § 924(2). Dockery has provided no evidence, other than his own self-serving statement, that his attorney advised his contrary to the law.

Dockery next alleges that Mr. Haas failed to advise him that, by testifying contrary to the government's proof, Dockery's sentence could be subject to enhancement based upon perjury. Apparently, Dockery is claiming that his attorney should have anticipated that Dockery would commit perjury on the stand. This court will not require an attorney to anticipate that his or her client will lie on the stand.

Dockery further alleges that he is entitled to relief because the attorney/client relationship was compromised by Mr. Haas' own criminal conduct. Dockery is referring to the fact that after trial, but before sentencing, Mr. Haas was arrested on criminal charges involving controlled substances. Dockery has failed to demonstrate, however, how he was prejudiced as a result of Mr. Haas' arrest. As noted, Paula Voss of the Federal Defender Services was appointed to represent Dockery at sentencing. *See Bowling v. Parker*, 344 F.3d 487, 508 (6th Cir. 2002) (fact that lead defense counsel was indicted during capital murder trial did not establish that defendant was denied effective assistance of counsel, absent any evidence that co-counsel's performance was substandard).

Dockery also alleges that, despite two warnings from the trial court, Mr. Haas deliberately contaminated the jury with extraneous prejudicial evidence, depriving Dockery of a fair trial and requiring him to testify, and thus resulting in the jury learning that Dockery was a thrice convicted felon. Dockery is referring to the fact that Mr. Haas asked one of the police officers about a prior arrest of Dockery, which was presented to a grand jury who refused to return a true bill. The purpose of the questioning was to show bias on the part of the officer.

Prior to the questioning, and during a bench conference concerning a previous motion in limine to exclude evidence of Dockery's prior arrests and convictions, the following exchange took place:

> MR. HAAS: It's my understanding that this officer has previously arrested Mr. Dockery on a charge of public intoxication and a weapons charge and that that weapon charge was brought in Federal Court and there was no true bill. This would have been prior to this charge. I want to inquire to show that there might be bias by this officer against Mr. Dockery on this type of charge.
>
> THE COURT: You'll cut your nose off to spite your face.
>
> MR. HAAS: I know, but --
>
> MS. AUBRY: We just think it's irrelevant.
>
> THE COURT: I do, too.
>
> MR. HAAS: You don't think --
>
> MS. AUBRY: I don't think there's a ground work to show any bias at all.
>
> MR. HAAS: I have the right to bring out any bias that this officer may have to this --
>
> THE COURT If you want to cut your nose off to spite your face, that's up to you.
>
> MR. HAAS: I understand.

[Criminal Action No. 3:01-cr-9, Court File No. 30, Transcript of Proceedings, Vol. 1, pp. 45-46].

Upon questioning by Mr. Haas after this exchange, Officer Lewelling confirmed that he had arrested Dockery before for public intoxication, which led to a federal weapons charge that was no true billed. [*Id*., pp. 46-47]. Dockery alleges the conduct on the part of Mr. Haas constituted ineffective assistance of counsel. This court disagrees. Mr. Haas'

questions concerning the prior arrest in an effort to show bias on the officer's part could reasonably be presumed to be sound trial strategy, which this court will not second-guess.

**2. Allegations of Ineffective Assistance of Counsel - Post-Trial and Sentencing**

Prior to sentencing, Mr. Haas was allowed to withdraw from representing Dockery and Paula Voss with the Federal Defender Services of Eastern Tennessee, Inc. was appointed to represent him. Dockery alleges that Ms. Voss rendered ineffective assistance of counseling when she failed to pursue a motion for new trial on the issues raised in the § 2255 motion, or in the alternative, an appeal based upon Mr. Haas' criminal conduct. The court having found that the issues raised in Dockery's § 2255 motion lack merit, Ms. Voss' failure to raise the issues in a motion for new trial did not constitute ineffective assistance of counsel.

Dockery also alleges Ms. Voss failed to summon Connie and Cletis Franklyn as witnesses for sentencing purposes, and as a result he received the obstruction of justice enhancement. According to Dockery, due to his severe inebriation at the time of the offense, his recollection of events were based upon the reassurances of Connie And Cletis Franklyn that he had no gun at the time of his arrest and thus his testimony might have been incorrect. He reiterates, however, that he did not possess the firearm and that the testimony of the Franklyns' would have supported that position. As noted below, however, the court without hesitation found that Dockery had committed perjury. There is nothing to suggest that the testimony of Connie and Cletis Franklyn would have altered that finding.

### 3. Allegations of Ineffective Assistance of Counsel - Appeal

Ms. Voss also represented petitioner on direct appeal. As noted earlier, Ms. Voss was allowed to withdraw after filing an *Anders* brief. Dockery alleges her failure to raise on appeal the factual and legal bases of each claim raised in this § 2255 motion constituted ineffective assistance of counsel. The court having found that the issues raised in Dockery's § 2255 motion lack merit, it was not ineffective assistance of counsel to fail to raise the issues on direct appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (attorney is not required to raise meritless issues on appeal).

Based upon the foregoing, Dockery has failed to demonstrate ineffective assistance of counsel at trial, sentencing, or on appeal under the standard established by the Supreme Court in *Strickland*.

## B. Trial Court Errors

Dockery alleges the trial court erred in not directing a verdict in Dockery's favor and in not *sua sponte* ordering a new trial. As noted earlier, the Sixth Circuit found the evidence was sufficient to support the verdict. There was no reason, therefore, for this court to have directed a verdict or ordered a new trial.

Dockery also claims the court erred in enhancing his sentence for obstruction of justice. According to Dockery, because of his severe inebriation, his recollection of events

were based upon the reassurances of Connie And Cletis Franklyn that he had no gun at the time of his arrest and thus his testimony might have been incorrect.

The Sixth Circuit has observed that "[a] witness perjures himself if he 'gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *United States v. Wade*, 93 Fed.Appx. 874, 878 (6th Cir. 2004) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). Based upon *Dunnigan*, the Sixth Circuit imposes two requirements on a district court in imposing an obstruction of justice enhancement based on perjury: "'first, it must identify those particular portions of the defendant's testimony that it considers to be prejurious, and second, it must 'either make specific findings for each element of perjury or at least make a finding that encompasses all of the factual predicates for a finding of perjury.'" *United States v. Sassanelli*, 118 F.3d 495, 501 (6th Cir. 1997) (quoting *United States v. Comer*, 93 F.3d 1271, 1282 (6th Cir. 1996) (internal quotations omitted)).

In considering whether the enhancement for obstruction of justice should have been applied to Dockery, this court found as follows:

> First of all, with the issue of obstruction of justice, guideline section 3C1.1 provides as follows: "If, a, the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of an investigation, prosecution or sentencing of the instant offense of conviction; and, b, the obstructive conduct related to, one, the defendant's offense of conviction and any relevant conduct, or, two, any closely related offense, increase the offense level by two levels."
>
> The commentary points out that the fact that the defendant would not plead guilty should not be taken into consideration. The fact that he exercised his constitutional right of a jury trial and his denial of guilt would normally not

be applicable. Then it says, "in applying this provision in respect to alleged false testimony or statement by the defendant, the court should be cognizant that inaccurate testimony or statement sometimes may result from confusion, mistake, or faulty memory, and thus not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.

The court listened carefully to the testimony in this case, and the government's proof was overwhelming. The defendant chose to take the stand and testified to a totally different set of facts than the government proved and then brought a witness to - who limply tried to support the defendant, but he failed in his effort.

Clearly, the testimony of the defendant was perjury, and the court finds that the enhancement should apply.[1]

[Criminal Action No. 3:01-cr-09, Court File No. 39, Transcript of Proceedings, pp. 11-12]. There is no reason for the court to alter that finding, notwithstanding Dockery's claim of inebriation.

### C. *Blakely*

In a supplement to his § 2255 motion, Dockery alleges his sentence should be vacated pursuant to the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim petitioner

---

[1] The transcript of proceedings was typed in all uppercase letters. For ease of reading, the court has quoted the transcript in lowercase letters.

13

may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005). Accordingly, neither *Blakely* nor *Booker* afford Dockery any relief.

IV.    Conclusion

Dockery is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Dockery leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate

Procedure. Dockery having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                            s/ Leon Jordan
                                          United States District Judge